UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ENDLESS MOUNTAIN BEHAVIORAL HEALTH CENTER INC.<br><br>                Plaintiff,<br><br>v.<br><br>ENDLESS MOUNTAINS EXTENDED CARE, LLC<br><br>                Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Endless Mountain Behavioral Health Center Inc., ("EMBHC" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant Endless Mountains Extended Care, LLC ("EMEC" or "Defendant"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Accordingly, Plaintiff brings this action seeking declaratory judgment that Plaintiff's use of the term ENDLESS MOUNTAIN does not infringe or create a likelihood of confusion with Defendant's alleged common law trademark and service mark rights in ENDLESS MOUNTAINS or ENDLESS MOUNTAINS CARE ("Defendant's Marks") as used by Defendant.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

4. The Court has the authority to grant the declaratory relief requested pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201 *et seq.*

5. Venue is proper in this District because the events and acts giving rise to these claims occurred within the District within the meaning of 28 U.S.C. § 1391.

6. This Court has personal jurisdiction over Defendant because EMEC conducts its business activities related to Defendant's Marks at its primary place of business located in Pennsylvania.

## THE PARTIES

7. Plaintiff EMBHC is a Delaware corporation with an address at 502 W 7th Street, Suite 100, Erie, PA 16502-1333 and 175 Lamoka Road, Sayre, PA 18840.

8. Upon information and belief, Defendant EMEC is a limited liability company of Pennsylvania with an address at 1042 Lithia Valley Road, Factoryville, PA 18419.

## STATEMENT OF FACTS

### EMBHC'S SERVICES

9. Plaintiff EMBHC operates a treatment facility providing personalized detox and residential addiction treatment programs for men and women.

10. EMBHC's detox and addiction treatment center is located in Sayre, Pennsylvania, a borough in the Endless Mountains Region of Northeastern Pennsylvania.

11. The terms "Endless Mountains", "Endless Mountain", and "Endless Mountain Region" are widely used by the public in referring to the geographic region in which Sayre is located.

12. EMBHC uses the phrase "Endless Mountain" as a geographic descriptor, in good faith, and not as a trademark.

13. EMBHC's use of "Endless Mountain" is expressly permitted pursuant to 15 U.S.C. § 1115(b)(4).

## EMEC'S SERVICES

14. Defendant EMEC operates a facility at which Defendant provides treatment of substance use disorders.

15. Defendant's facility is located in Factoryville, Pennsylvania.

16. Factoryville is a borough in Wyoming County, Pennsylvania, in the Endless Mountains Region of Northeastern Pennsylvania.

17. Defendant promotes that its services comprise an "approach to recovery [that] is quite different than that of other facilities."

18. Defendant's services are different from those of Plaintiff.

19. Defendant operates a website associated with its business at the domain www.endlessmtncare.com ("Defendant's Website").

20. The homepage of Defendant's Website says that Defendant's facility is "Nestled in the Endless Mountains."

21. The statement of the prior paragraph accurately describes the geographic location of Defendant's facility.

22. The following image accurately reproduces a portion of the homepage of Defendant's Website at the URL https://endlessmtncare.com/:

3



23. The webpage at the URL https://endlessmtncare.com/our-facility/, titled "Our Facility" states that Defendant's facility "is nestled in the picturesque Endless Mountains region."

24. The statement of the prior paragraph accurately describes the geographic location of Defendant's facility.

## THIRD-PARTY SERVICES

25. The geographic area in which Plaintiff's and Defendant's facilities are located is referred to as the Endless Mountains Region of Pennsylvania.

26. The geographic area in which Plaintiff's and Defendant's facilities are located is referred to as the Endless Mountain Region of Pennsylvania.

27. The geographic area in which Plaintiff's and Defendant's facilities are located has been referred to as the Endless Mountains Region of Pennsylvania since the 1700s.

28. Various third parties also located in Northeastern Pennsylvania use "Endless Mountain" or "Endless Mountains" in the names of their business.

29. Third parties using "Endless Mountains" in their business name include the Endless Mountains Visitors Bureau in Tunkhannock, Pennsylvania, with a website at https://endlessmountains.org/.

30. The Endless Mountains Visitors Bureau is the official tourism promotion agency for the Endless Mountains Region of Pennsylvania.

31. Third parties using "Endless Mountains" in their business name include Endless Mountains Health Systems, in Montrose, Pennsylvania, with a website at https://www.endlesscare.org/.

32. Third parties using "Endless Mountains" in their business name include Endless Mountains Veterinary Center, having a location in Tunkhannock, Pennsylvania, and with a website at https://emvets.com/.

33. Third parties using "Endless Mountain" in their business name include the Endless Mountain Campground in Laceyville, Pennsylvania, with a website at https://endlessmountaincampground.com/.

34. The Commonwealth of Pennsylvania officially established "The Endless Mountains Heritage Region" as a heritage area pursuant to the Bureau of Recreation and Conservation's Pennsylvania Heritage Areas Program.

35. The Endless Mountains Heritage Region serves areas including Bradford County and Wyoming County, Pennsylvania.

36. On February 25, 2013, in connection with U.S. Trademark Application Serial No. 85758693, the United States Patent and Trademark Office refused registration of the third-party mark ENDLESS MOUNTAIN LABRADORS, on the basis, inter alia, that the mark "is primarily geographically descriptive."

37. On February 12, 2022, in connection with U.S. Trademark Application Serial Nos. 90741715, 90734232, and 90741849, the United States Patent and Trademark Office refused registration of the third-party mark ENDLESS MOUNTAIN MERCY MISSION, requiring, *inter alia*, that the applicant "Explain whether the wording 'ENDLESS MOUNTAIN' in the mark identifies a geographic place."

## ACTUAL CONTROVERSY BETWEEN THE PARTIES

38. On or about September 20, 2023, an attorney representing Defendant sent a letter to EMBHC stating that EMBHC's "use of 'Endless Mountain' is in violation of EMEC's common law trademark rights, common law service mark rights, and trade name rights."

39. A true and correct copy of the September 20, 2023, letter on behalf of Defendant to EMBHC is filed with this Complaint as Exhibit A.

40. The September 20, 2023, letter on behalf of Defendant to EMBHC further demanded that EMBHC "immediately cease and desist any and all use of 'Endless Mountain' and any derivatives thereof" and advised that EMBHC "should immediately forward [the] letter to [EMBHC's] attorney."

41. The September 20, 2023, letter on behalf of Defendant to EMBHC further stated that EMBHC's use of the domain name endlessmountainbhc.com constitutes violations of Defendant's rights at common law.

42. The September 20, 2023, letter on behalf of Defendant to EMBHC demands that EMBHC must cease use of the Internet domain endlessmountainbhc.com.

43. The September 20, 2023, letter on behalf of Defendant to EMBHC further stated that EMBHC's use of "Endless Mountain" in at least its business name and domain name "provides

an unfair competitive advantage" to EMBHC "at the expense of EMEC's efforts, reputation and goodwill."

44. The September 20, 2023, letter on behalf of Defendant to EMBHC further stated that if EMBHC does not cease use of the phrase "Endless Mountain" and the domain endlessmountainbhc.com that Defendant and its counsel will "enforce [Defendant's] right to the fullest extent available by law."

45. There is a substantial and continuing controversy between Plaintiff and Defendant.

**COUNT I: DECLARATION OF NON-INFRINGEMENT**

46. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-45, above, as if fully restated herein.

47. There exists a substantial, present, continuing, and justiciable controversy between EMBHC and EMEC regarding EMBHC's use of ENDLESS MOUNTAIN and EMEC's use of ENDLESS MOUNTAINS or ENDLESS MOUNTAINS CARE.

48. This Court has the authority to enter a declaratory judgment pursuant to 28 U.S.C. §2201(a).

49. A declaration of rights is both necessary and appropriate to determine that each of Plaintiff's use of ENDLESS MOUNTAIN and Defendant's use of ENDLESS MOUNTAINS is geographically descriptive, referring to a mountain range located in Northeastern Pennsylvania and does not denote any one source of goods or services.

50. A declaration of rights is both necessary and appropriate to determine that Plaintiff is not infringing upon any enforceable trademark or service mark rights of Defendant in ENDLESS MOUNTAINS and Plaintiff's use of ENDLESS MOUNTAIN in connection with Plaintiff's

services is not likely to cause confusion as to the affiliation between Plaintiff and Defendant pursuant to 15 USC §1125.

51. As alleged above, EMEC's use of the terms ENDLESS MOUNTAINS or ENDLESS MOUNTAINS CARE has not acquired distinctiveness, has not been exclusively used by EMEC, and does not distinguish the source of EMEC's services.

52. As shown, there are numerous third-party uses of the term ENDLESS MOUNTAINS and substantially similar terms.

53. Nonetheless, EMEC claims to possess exclusive rights in the term ENDLESS MOUNTAINS as a trademark and/or service mark in connection with drug and alcohol treatment services business.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment as follows:

1. Declaring that EMBHC's use of ENDLESS MOUNTAIN does not infringe, create a likelihood of confusion with, or otherwise impair or violate any federal, state, or common law trademark or service mark rights EMEC may claim to have in ENDLESS MOUNTAINS or any variation thereof.

2. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated:  February 5, 2024	**CAESAR RIVISE, PC**

By: _____

Douglas Panzer (PA Bar ID# 203354)
12th Floor
1635 Market Street
Philadelphia, PA  19103
Tel: (215) 567-2010
dpanzer@crbcp.com

*Attorneys for Plaintiff Endless Mountain Behavioral Health Center Inc.*

9

## VERIFICATION

I, TERRY DRAKE, declare as follows:

I am the Chief Executive Officer of ENDLESS MOUNTAIN BEHAVIORAL HEALTH CENTER INC., Plaintiff herein. I have read the foregoing Complaint know the contents thereof and the same are true and correct to the best of my knowledge, information, and belief.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty and perjury that the foregoing is true and correct.

Dated: 2/5/24

By: _____
Terry Drake