# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ENDLESS MOUNTAIN BEHAVIORAL HEALTH CENTER INC.** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **ENDLESS MOUNTAINS EXTENDED CARE, LLC** | : | NO. 24-520 |

## ORDER

**NOW**, this 23rd day of April, 2024, it appearing that the Eastern District of Pennsylvania is not the proper venue for this civil action, it is **ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).[1]

_____
TIMOTHY J. SAVAGE, J.

---

[1] Venue is proper in the judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred . . .". 28 U.S.C. § 1391(b)(2). A district court may *sua sponte* dismiss a case for improper venue or, in the interest of justice, transfer it to a district where it could have been brought. *See* 28 U.S.C. § 1406(a); *Janis v. Ashcroft*, 348 F.3d 491, 493 (6th Cir. 2003). Without addressing the merits of the plaintiff's claims, in the interest of justice, we shall transfer the action to the United States District Court for the Middle District of Pennsylvania where the parties are located and where any infringement of the trademark occurred.